JOAN B. TUCKER FIFE (SBN: 144572)
jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

EMILIE C. WOODHEAD (SBN: 240464)
ewoodhead@winston.com
JASON S. CAMPBELL (SBN: 285044)
jscampbell@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATEFEH YOUSEFI, as an individual and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>U.S. BANK NATIONAL ASSOC, business entity form unknown; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No.  **'20CV1770 BAS AGS**<br><br>(San Diego County Superior Court Case No. 37-2020-00022823-CU-OE-CTL)<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Complaint filed: July 2, 2020 |

1 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act 2005, Pub. L. 109-2, section 4(a) (the "CAFA")), 1441(a) and (b), and 1446, Defendant U.S. Bank National Association ("Defendant") hereby removes the above-entitled action to this Court from the Superior Court of the State of California for the County of San Diego. In support of removal, Defendant states as follows:

## I. INTRODUCTION

1. This case is hereby removed from state court to federal court pursuant to 28 U.S.C. § 1332 because at the time the Class and Representative Action Complaint was filed, and at this time: (1) Plaintiff Atefeh Yousefi's ("Plaintiff") proposed putative class includes more than 100 members; (2) diversity of citizenship exists; and (3) the amount placed in controversy by Plaintiff's claims exceeds $5,000,000, exclusive of interest and costs. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(d).

## II. THE STATE COURT ACTION

2. On July 2, 2020, Plaintiff filed an action in the Superior Court of California in and for San Diego County entitled *Atefeh Yousefi vs. Bank National Assoc.,* Case No. 34-2020-00022823-CU-OE-CTL. Plaintiff served the Complaint on Defendant on August 10, 2020. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A.**

3. Plaintiff's Complaint seeks recovery of monetary damages, penalties, and other relief against Defendant in connection with the following alleged causes of action: (1) alleged failure to pay overtime wages in violation of California Labor Code sections 510 and 1194; (2) alleged failure to timely pay wages due upon separation of employment in violation of California Labor Code sections 201-203; (3) alleged failure to provide accurate itemized wage statements in violation of California Labor Code section 226; and (4) alleged unlawful and unfair business

practices in violation of California Business and Professions Code section 17200, *et seq*. Plaintiff also seeks civil penalties under the Labor Code Private Attorneys General Act of 2004 (California Labor Code section 2698, *et seq.*) ("PAGA") for Defendant's alleged violations of Labor Code sections 201-203, 226, 510, and 1194.

4. On September 8, 2020, Defendant timely filed and served its Answer to the Complaint in the San Diego County Superior Court. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

5. Attached hereto as **Exhibit C** are true and correct copies of all other process, pleadings, discovery, and orders served upon Defendant in this action.

### III. JOINDER

6. Defendant has been served with a copy of the Complaint. No other defendants are named in the Complaint.

### IV. TIMELINESS OF REMOVAL

7. This Notice of Removal has been filed within thirty (30) days after Defendant was served with a copy of Plaintiff's Complaint upon which this action is based. This Notice of Removal therefore is filed within the time period provided by 28 U.S.C. § 1446(b) because Plaintiff served the Complaint on Defendant on August 10, 2020.

### V. JURISDICTION PURSUANT TO CAFA

8. Pursuant to CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA also provides for jurisdiction in the district courts where the proposed class involves 100 or more members, or where the primary Defendant is not State, State Officials, or other governmental entities. 28 U.S.C. § 1332(d)(5). Thus, as set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d) because it is a civil action

filed as a class action involving more than 100 members; the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on the allegations that Plaintiff set forth in the Complaint; Plaintiff and Defendant are citizens of different states; and no Defendant is a state, state official, or government entity.

**A.    Numerosity**

9.    CAFA provides that the district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). Plaintiff has proposed two putative classes:

- The "Overtime Regular Rate of Pay Class," which is defined as: "All current and former non-exempt employees of Defendants in the State of California who were paid overtime and non-discretionary wages in the same workweek during their employment, any time during July 2, 2017 to the present . . ."; and

- The "Sick Pay Class," which is defined as: "All current and former non-exempt employees of Defendants in the State of California who were paid sick pay and non-discretionary wages in the same workweek during their employment, and whose employment ended at any time between July 2, 2017, through the present . . ."

(Complaint ¶ 17.)

There are *over 2,100* individuals within the scope of only the "Overtime Regular Rate of Pay Class" because they were paid (a) nondiscretionary wages and (b) overtime pay in the same workweek. Therefore, the numerosity requirement for CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(5) is satisfied.

**B.    Diversity of Citizenship**

10.    CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). The citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).

///

      **a.    Plaintiff and at least one other putative class member are citizens of California.**

11. To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States, and (b) a domiciliary of one particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A party's residence may serve as *prima facie* evidence of that party's domicile. *State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Defendant alleges that Plaintiff was, at the time of the filing of this action, and still is, a citizen of California. Plaintiff alleges that she was employed by and performed work for Defendant in California from 2000 to 2019. (Compl. ¶¶ 7-8.) Her last known address in personnel records maintained by Defendant was in San Diego, California. Plaintiff is therefore a citizen, domiciliary, and resident of the State of California.

12. At least one other member of Plaintiff's putative classes is also a citizen of California who resides in Glendale, California.

      **b.    Defendant is not a Citizen of California.**

13. Defendant U.S. Bank National Association was, at the time of the filing of this action, and still is, a citizen of a state other than California. U.S. Bank National Association was and is a national banking association with its main office in Cincinnati, Ohio. Accordingly, U.S. Bank National Association was and is a citizen of Ohio. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located"); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank, for purposes of 28 U.S.C. § 1348, "is a citizen of the state in which its main office, as set forth in its articles of association, is located").

14. Therefore, diversity of citizenship under CAFA is established because Plaintiff is a citizen of California and U.S. Bank National Association is a citizen of Ohio.

**C.   The Amount in Controversy Exceeds $5,000,000**

15. CAFA authorizes the removal of class action cases in which, among the other elements described above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

16. In determining whether the amount in controversy exceeds $5,000,000, the Court must presume that Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

17. Defendant vigorously denies the merits of each of Plaintiff's claims and the theories upon which recovery is sought; however, for the sole purpose of determining whether jurisdiction exists pursuant to CAFA, the amount in controversy for all class members exceeds $5,000,000, exclusive of interest and costs.

18. **<u>Waiting Time Penalties</u>**. Plaintiff alleges that she and the putative class members are entitled to penalties pursuant to California Labor Code section 203, and seeks penalties of up to 30 days of additional wages ("Waiting Time Penalties") based upon Defendant's alleged failure to pay all unpaid wages at termination. (Complaint ¶ 41.) Waiting Time Penalties may be included when determining the

amount in controversy, and are calculated at the terminated employee's daily wage rate multiplied by up to 30 days. *See Cavada v. Inter-Cont'l Hotels Grp., Inc.*, No. 19CV1675-GPC(BLM), 2019 WL 5677846, at *9 (S.D. Cal. Nov. 1, 2019) (considering waiting time penalties as part of the amount in controversy and denying motion to remand); *see also Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998), as modified (Dec. 11, 1998) ("the critical computation required by section 203 is the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days").

19. Of the individuals who are within the scope of Plaintiff's "Overtime Regular Rate of Pay Class" (because they were paid (a) nondiscretionary wages and (b) overtime pay in the same workweek), **2,100** terminated from their employment with Defendant at some point in the period between July 2, 2017, and August 15, 2020. Their average base hourly rate was $19.60.

20. Because Plaintiff seeks 30 days of Waiting Time Penalties pursuant to Labor Code section 203, the amount in controversy of the of aggregate penalties potentially recoverable for based on Plaintiff's overtime regular rate of pay claim is **$9,878,400** (2,100 class members x $19.60 per hour x 8 hours per day x 30 days). Thus, accepting Plaintiff's allegations as true for the purposes of removal only, the potential recoverable damages for Plaintiff and the putative class members' in Waiting Time Penalties alone exceeds the amount in controversy requirement for the purposes of determining jurisdiction under CAFA.

21. Plaintiff also seeks waiting time penalties on behalf of the Sick Pay Class. To the extent that there are members of that class who are not members of the Overtime Regular Rate of Pay Class, Plaintiff's waiting time penalties sought are even higher, and thus the amount in controversy is even higher.[1]

---

[1] This calculation is based solely on the Waiting Time Penalties Plaintiff seeks on behalf of the Overtime Regular Rate of Pay Class. It does not include other damages and penalties Plaintiff seeks that would drive the amount in controversy higher, including Waiting Time Penalties on behalf of the Sick Pay Class, the damages that

22. **Attorneys' Fees**. Plaintiff also seeks an unspecified amount of attorneys' fees in the Complaint. (Complaint at Prayer.) Attorneys' fees are properly considered when determining the amount in controversy for the purposes of removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy"). The Ninth Circuit has established "25 percent of the fund as the benchmark for a reasonable fee award in common fund cases." *In re Bluetooth Headset Prods. Liab. Lit.*, 654 F.3d 935, 942 (9th Cir. 2011); *In Re Nat'l Collegiate Athletic Assoc. Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, *2 (N.D. Cal. 2017) (the 25% benchmark is "presumptively reasonable."). Therefore, the amount of attorneys' fees at issue based only on the recoverable Waiting Time Penalties based on the overtime regular rate of pay claim is approximately **$2,469,600**.

23. In aggregate, the potentially recoverable Waiting Time Penalties and corresponding attorneys' fees total approximately **$12,348,000**, which exceeds the $5,000,000 amount in controversy threshold for purposes of removal under CAFA. The jurisdictional threshold is therefore met without taking into account other potential damages for other allegedly unpaid wages, wage statement violations, and unlawful and unfair business practices alleged in the Complaint, as well as the corresponding attorneys' fees for these claims.

**D.   Conclusion: Jurisdiction is proper under CAFA.**

24. Based on the foregoing, removal jurisdiction is proper under CAFA because (a) there are more than 100 putative class members, (b) Plaintiff and Defendant are diverse, and (c) the amount in controversy exceeds $5,000,000.

## VI.   VENUE IS PROPER

25. Venue lies in the United States District Court for the Southern District

---

Plaintiff and the putative class members are seeking for alleged unpaid wages, wage statement violations, and PAGA penalties.

of California pursuant to 28 U.S.C. sections 1441(a) and 1391(c) because the state action was filed in this district and Defendant is subject to personal jurisdiction in the Southern District of California.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of San Diego to this Court.

Dated: September 9, 2020       WINSTON & STRAWN LLP

By: */s/ Jason S. Campbell*
Joan B. Tucker Fife
Emilie C. Woodhead
Jason S. Campbell
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION